UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GLORIA RAMIREZ nee BOTELLO MARTINEZ, and PASCUAL GUADALUPE RAMIREZ VAZQUEZ, *individually and on behalf of others similarly situated* | § § § § | |
| Plaintiffs, | § § | Civil Action No.: 1:25-cv-107 |
| v. | § § § | |
| CAMERON COUNTY, TEXAS; SYLVIA GARZA-PEREZ, COUNTY CLERK; and BLANCA BERNARD, DEPUTY CLERK *in their official capacities*, | § § § § § § | |
| Defendants. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

1. Plaintiffs, Gloria Ramirez, *nee,* Botello Martinez and Pasqual Guadalupe Ramirez Vazquez, file this petition against Cameron County, Texas, its County Clerk, Sylvia Garza-Perez, and Blanca Bernard, Deputy Clerk. Plaintiffs' claims are brought pursuant to 42 U.S.C. §1983, for injuries sustained or threatened under Amend. XIV U.S. Const., by the Cameron County's *ultra vires* policy which applies the *Texas Family Code* (*Tex. Fam. Code*) §2.209(c) allowing for the amendment to recorded marriage licenses, only to formal marriages and not to informal marriages. The State statute, as applied by Cameron County, is unconstitutional as applied because it infringes on fundamental rights protected by the *First Amendment* and *Fourteenth Amendment* to the *Constitution of the United States*. Alternatively, the State statute is unconstitutionally vague and must be void

1

by both the *Constitution of the United States* and *Art.* 1, §§1 and 29, of the *Texas Constitution*.

## CONDITIONS PRECEDENT

2.      Notice has been provided to the attorney general of the state pursuant to *Art.* X, §32 of the *Texas Constitution*. All other conditions precedent to plaintiffs' claims for relief, if any, have been satisfied.

## JURISDICTION AND VENUE

3.      The court has jurisdiction pursuant to *Art.* III, of the *Constitution of the United States*, 28 U.S.C. §§1331, 1343(a)(3)-(4), 1367, and 2201-2202.

4.      Venue is proper in this Court because the majority of acts took place in and plaintiffs reside in Cameron County, Texas.

## PARTIES

5.      Plaintiff, Gloria Ramirez is a United States (US) citizen with her principal residence in Los Fresnos, Texas, she can be identified by her US Social Security number—XXX-XX-6955.

6.      Plaintiff, Pasqual Guadalupe Ramirez Vazquez is Gloria's spouse with his principal residence in Los Fresnos, Texas, he can be identified by his DHS assigned registration number—AXXX-XX9-882.

7.      The Defendant, Cameron County, Texas, is a local government in the State of Texas which is sued for the act(s) of its County and Deputy Clerks done pursuant to the Cameron County's *ultra vires* policy. Sovereign immunity does not apply because the County policy is *ultra vires* to the State rule, the application of

the *ultra vires* policy infringes on rights or privileges of the plaintiffs having protection in the *First* and *Fourteenth Amendments* and Cameron County will independently pay any damages awarded, not the State. *County Clerk Manual*, pp. I-3-4 (2023 Ed.)

8. Cameron County Clerk, Sylvia Garza-Perez is an elected official for Cameron County, Texas, and the Defendant, Blanca Bernard, is an appointed Deputy Clerk for Cameron County, Texas, both took an oath of office to "preserve, protect, and defend the Constitution and laws of the United States and of this State." While engaged in the performance of duties related to the registration of marriages for the County they engaged in acts pursuant to an *ultra vires* policy of Cameron County. Neither of them acted independently to "preserve, protect, and defend the Constitution."

9. The Texas Attorney General Kenneth Paxton is a notice party only for purposes of notifying the State of either: 1. an *ultra vires* policy of Cameron County, 2. an as applied challenge to a State statute, or 3. an unconstitutionally vague statute rendering it void.

## THE STATUTE AND POLICY AT ISSUE

10. *Tex. Fam. Code* §2.209(c) provides:

> "If one or both parties to a marriage license discover an error on the recorded marriage license, both parties to the marriage shall execute a notarized affidavit stating the error.
> The county clerk shall file and record the affidavit as an amendment to the marriage license, and the affidavit is considered part of the marriage license. The clerk shall include a copy of the affidavit with any future certified copy of the marriage license issued by the clerk."

3

11. Cameron County, through the interpretation of the statute by its County Attorney, has carried out its policy that only formal marriage licenses can be amended by the application of *Tex. Fam. Code* §2.209(c), informal marriage licenses cannot.

12. The State has interpreted the statute as follows. Title 25 of the *Tex. Admin. Code*, Chapter 181 *Vital Statistics*, Chapter B *Vital Records*, §181.25 *Application for Marriage License and Affidavit of Correction to a Marriage License* provides:

> "(a) The Vital Statistics Unit shall furnish application forms for a marriage license to each county clerk in the format as prescribed by the State Registrar.
> (b) The application form shall contain at a minimum the items and information prescribed in the Texas Family Code, §2.004.
> (c) When reproduced locally by the county clerk, the form shall be identical in content, format, and size as prescribed by the Vital Statistics Unit.
> (d) Although the Vital Statistics Unit is the custodian of marriage applications in the State of Texas, the county of record is the custodian of all marriage licenses it registers. Therefore, any amendment to the marriage license will be reflected at the county, and not at the state level.
> (e) To amend the marriage license, both parties are responsible for executing a notarized affidavit stating the error.
> (f) The affidavit to amend the marriage license must contain: (1) the full names of applicants, including the maiden surname of the female applicant; (2) the date on which the marriage occurred; (3) a statement identifying the error to be corrected; and (4) the corrected statement.
> (g) Upon receipt of the notarized affidavit, the county clerk shall file it as an amendment to the marriage license.
> (h) The affidavit is considered part of the marriage license.
> (i) The county clerk shall include a copy of the affidavit with any future certified copy of the marriage license issued by the clerk."

## THE PROPOSED CLASS

13. All individuals in the State of Texas who registered their informal marriage in a County that adheres to a policy other than one consistent with the State policy

4

in accordance with Title 25 of the *Tex. Admin. Code*, Chapter 181 *Vital Statistics*, Chapter B *Vital Records*, §181.25 *Application for Marriage License and Affidavit of Correction to a Marriage License,* who have found an error on their marriage license which they sought to correct by affidavit but were refused because theirs was not a formal marriage.

14. On information and belief 10% or less of the Counties in Texas fail to adhere to equal protection in the amendment of an error found in a recorded marriage, instead applying *Tex. Fam. Code* §2.209(c), to formal marriages only.

15. Nonetheless, 10% is approximately 35 counties, thus it is impracticable to join all parties.

16. The claims of the plaintiffs are typical of the claims of the class as to Claims One through Three.

17. The interests of the class will be adequately protected by the representative parties.

## FACTUAL AND LEGAL BACKGROUND

18. On October 4, 2023, the plaintiffs decided to register their marriage by filing an informal marriage license with the Cameron County Clerk.

19. They entered their biometric information into a form on the County Computer and the Deputy Clerk assisting asked when they started living together and entered it into the form. They verified the information input that the date they began living together was valid and they signed. The license was printed on a form prescribed by *Tex. Fam. Code* §2.004.

5

20. At some point prior to April 25, 2024, they noticed an error of grave consequence on the recorded license – the date of marriage was entered as the date they began cohabitating instead of the date when they agreed to be married.

21. The plaintiffs made a notarized Affidavit of Correction pursuant to *Tex. Fam. Code* §2.209(c), which they brought to the County Clerk requesting it be filed to amend the date of their marriage to Oct. 4, 2023, the date they had agreed to be married and recorded their declaration.

22. The Deputy Clerk told them that they could not file an Affidavit of Correction because their Declaration of Informal Marriage was not a marriage license, but they could file a second Declaration of Informal Marriage with the correct information and get the first one voided or annulled.

23. They were told that only parties to formal marriage licenses could amend their license by Affidavit of Correction.

24. Plaintiff Gloria was scheduled for her naturalization interview and bringing only the original recorded marriage license would create serious problems with her ability to naturalize and later petition for a visa for her husband, because she had been petitioned by a lawful resident parent and she was over 21 years old when she adjusted status – the main reason for her never agreeing to be married prior to Oct. 4, 2023.

25. The plaintiffs now have two recorded marriages without an adequate means to correct them in the state court because neither an action to void a marriage, nor an annulment is appropriate to their circumstances, they seek a remedy.

26. To amend only formal marriage license applications and not informal marriage license applications is the policy of Cameron County as expressed by its County Attorney which policy the County Clerk adhered to.

27. The Department of State Health Services has a duty to "provide instructions and prescribe forms" necessary to the proper administration of the laws regarding vital statistics. *Tex. Health and Safety Code* §191.002.

28. The director of the vital statistics unit is charged with being a competent vital statistician who will prepare and issue detailed instructions necessary for uniform observance and maintenance of a perfect system of registration. *Texas Health and Safety Code* §191.004.

29. The Marriage License Applications for County Clerk's use were prescribed under statute by the State of Texas and each has a space to record the License Number whether a formal or informal marriage.

30. Each of the forms also cites *Tex. Fam. Code* §2.004 under the title of the form.

31. The marriage license applications are completed online, or in person using the County Clerk's computer system, and the information is output as Form VS-180 (formal marriage), or Form VS-180.1 (informal marriage).

32. The County Clerk posts on its website a schedule of fees which discloses the fees for a "formal marriage license", and the fees for an "informal marriage license" on page 3 of the schedule also indicating which statute or rule authorizes the fee.

33. To apply for a duplicate marriage license whether the marriage is formal or

informal the same form is used without distinction. Form VS-142.9 (3/24).

34. A §2.209(c) affidavit is the correct mechanism to fix an error because the statute refers to "an error on the recorded marriage license" and both the formal and informal marriages are license applications on forms prescribed by the bureau of vital statistics and provided to the county clerk under the authority of *Tex. Fam. Code* §§2.004, 2.402; 25 *Tex. Admin. Code* §181.25.

35. Neither annulment nor voidance of the first marriage license is the correct mechanism to fix the original error; furthermore a filing fee of almost $400. is required for such a filing. *Tex. Fam. Code*, Chapter 6, Subchapters B and C.

36. The State and local registrars may charge fees, including a preservation fee not to exceed $1.00, pursuant to *Texas Health and Safety Code* §191.0045(h), which provides for the preservation of records, the training of registrar or county clerk employees, and the safety and security of the vital records. The fees are maintained in a vital statistics account. *Texas Health and Safety Code* §191.005.

37. The plaintiffs paid the fee pursuant to *Texas Health and Safety Code* §191.0045(h).

38. The defendants were not adequately trained in amending informal marriage licenses, or they failed to adhere to their training.

39. The plaintiffs were injured in that they now have two informal marriage licenses registered, the first without amendment threatens plaintiff Gloria's status as a naturalized U.S. citizen, because without amendment the act of marriage which actually took place on the date of registration in October 2023,

8

backdates her marriage to 2007 and would invalidate the petition filed by her lawful resident father[1] – the required amendment by affidavit would have cured, and no second informal marriage was required, but for the policy of Cameron County.

40. The plaintiffs were further injured because both forms prescribed pursuant to the *Tex. Fam. Code* §2.004, were signed under the penalty of perjury – while the first contains error, they sought to amend the error when discovered, and no second informal marriage was required but they were compelled to register a marriage license application a second time because of the County's *ultra vires* policy.

41. Plaintiffs did not knowingly or intentionally provide inaccurate information in the first application because they honestly answered the question of the Deputy Clerk, thus they did not violate any statute.

42. The plaintiffs invoke equitable estoppel against the defendants.

## CLAIM ONE
### Declaratory Judgment – 28 U.S.C. §2201-2202

43. Plaintiffs restate each and every of the forgoing paragraphs as though stated herein.

44. The policy of Cameron County to apply *Tex. Fam. Code* §2.209(c) to only formal marriages and not to informal marriages is *ultra vires* to the State rule and

---

[1] 8 U.S.C. §§1153(a)(2) (children and unmarried sons and daughters of residents can apply for a visa), and 1154(k).

forms promulgated under 25 *Tex. Admin. Code* §181.25 and providing for the correction by affidavit for both formal and informal marriages to comport with the *U.S.* and *Texas Constitutions*.

45.    The application of the *ultra vires* policy violates equal protection.

46.    Plaintiffs ask the Court to declare the policy unlawful, and to award plaintiffs all relief they are due at law or equity even if not stated in this complaint.

## CLAIM TWO
### Declaratory Judgment – 28 U.S.C. §2201-2202

47.    Plaintiffs restate each and every of the forgoing paragraphs as though stated herein.

48.    The application of *Tex. Fam. Code* §2.209(c) to only formal marriages and not to Plaintiffs' informal marriage violates equal protection and creates insurmountable burdens on the Plaintiffs who have no other remedy at law to correct the error in their Oct. 2023 marriage license.

49.    Plaintiffs ask the Court to declare the statute unconstitutional as applied, and to award plaintiffs all relief they are due at law or equity even if not stated in this complaint.

## CLAIM THREE
### Declaratory Judgment – 28 U.S.C. §2201-2202

50.    Plaintiffs restate each and every of the forgoing paragraphs as though stated herein.

51.    *Tex. Fam. Code* §2.209(c) is unconstitutionally vague in its language such that some county clerk's offices in the State of Texas, including Cameron County,

cannot distinguish that in its silence the statute speaks to both formal and informal marriages because all statutes are presumed to be constitutional. *Tex. Gov. Code* §331.201(1).

52. In its vagueness the statute thereby violates *Art.* XIV, §I, of the *Constitution of the United States* because some County Clerks[2], including Cameron County, will only apply the Statute to formal marriages creating insurmountable obstacles to those who find an error in their recorded informal marriage license.

53. Or, in its vagueness the statute should be declared void under *Art.* 1, §29, of the *Texas Constitution* because some County Clerks, including Cameron County, will only apply the Statute to formal marriages creating insurmountable obstacles to those who find an error in their recorded informal marriage license without remedy and disenfranchising them in a manner by virtue of their informal marriage of the same privilege of remedying an error on their recorded license by affidavit thereby violating *Art.* 1, §19, of the *Texas Constitution*.

54. Plaintiffs ask the Court to so find and to award plaintiffs all relief they are due at law or equity even if not stated in this complaint.

## CLAIM FOUR
### Civil Rights - 42 U.S.C. §1983

55. Plaintiffs restate each and every of the forgoing paragraphs as though stated herein.

56. For over a century the *Fourteenth Amendment*, §1 has made clear that "no

---

[2] Estimated at less than 10%, while an estimated 90% utilize §2.209(c) for formal and informal license corrections.

State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person" "due process; nor deny to any person within its jurisdiction the equal protection of the laws".

57.     At all times relevant to this claim 42 U.S.C. §1983 provided "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."

58.     The application of the County's *ultra vires* policy deprived the plaintiffs of equal protection and/or due process rights under *Amend*. XIV, and/or their privacy rights under *Amend*. I were infringed when they were required to record a second informal marriage to correct an error in their license. *Roberts v. Jaycees*, 468 U.S. 609, 618-620 (1984) (intimate associations including the marital relationship are protected).

59.     Having taken an oath of office to uphold and defend the *Constitution of the United States* and of this State the defendant County Clerk, and the defendant Deputy Clerk, acted with a conscious disregard of the harm the application of the policy could have upon the rights of those who found errors on their informal marriages, including the plaintiffs.

60.     The defendants knew or should have known that §2.209(c) is applied equally

to both formal and informal marriages because both Form VS-180, and Form VS-180.1 were issued by the State to use for applications for a marriage license; both forms reference §2.004 under the title of the form and they both contain a box for a clerk to enter the "license" number.

61.　Plaintiffs seek compensation for their injuries, attorney fees, and costs as allowed by 42 U.S.C. §1988.

## JURY DEMAND

62.　Plaintiffs request trial by jury only as to damages, because the facts of the case cannot reasonably be disputed and the Court can enter its judgment of liability as a matter of law.

## REQUEST FOR COURT REPORTER

63.　Plaintiffs request that a court reporter be actively present at all hearings whether pretrial, trial, post-trial, or in any ancillary proceeding to the lawsuit.

## REQUEST FOR INTERPRETER IN THE SPANISH LANGUAGE

64.　Plaintiffs request that an interpreter in the Spanish language be present at any time that the plaintiff may be called to testify.

## PRAYER FOR RELIEF

65.　Plaintiffs ask the Court that they be awarded a judgment against defendants providing all relief in law and in equity available to them whether or not stated herein and a minimum of $150,000. plus, costs and attorney fees:

    (a) Nominal damages;
    (b) Presumed damages;

(c) Actual damages;

(d) Compensatory damages;

(e) Costs and Attorney Fees pursuant to 42 U.S.C. §1988;

(f) All remedies available to them under 28 U.S.C. §§2201-2202;

(g) Attorney fees by motion pursuant to Fed. R. Civ P. 23(g)&(h).

Very respectfully submitted,

/s/ Marlene A. Dougherty
Marlene A. Dougherty
CT413716 TX Bar No. 24095181
Fed. Id 31482
*Attorney for the Plaintiffs*

Law Office of Marlene A. Dougherty 314 E. 8th Street
Brownsville, TX 78520
ph. (956)542-7108
marlene@mdjd180.com